UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA LYNN JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>USOPM/LEGAL RECONSIDERATION & APPEALS,<br><br>    Defendant. | Case No. 1:19-cv-01452-DAD-EPG<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AGAINST DEFENDANT U.S. OFFICE OF PERSONNEL MANAGEMENT AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN<br><br>(ECF No. 1) |

Plaintiff, Debra Lynn Jackson, is proceeding *pro se* and *in forma pauperis* in this action appealing the decision of the U.S. Office of Personnel Management ("OPM") that Plaintiff is not eligible to continue her enrollment in a health benefits plan under the Federal Employees Health Benefits Program ("FEHBP") into retirement. Plaintiff commenced this action on October 15, 2019, with the filing of a Complaint (ECF No. 1), which is before the Court for screening. The Court finds, for purposes of screening, that Plaintiff has stated a cognizable claim against Defendant.

I.     **SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), in any case in which a plaintiff is proceeding *in forma pauperis*, the Court must conduct a review of the claims brought by the plaintiff to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or

"seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim on which relief may be granted, it must be dismissed. *Id.* Similarly, if the Court determines the complaint is frivolous or malicious, it must be dismissed. *Id.* An action is deemed to be frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S ALLEGATIONS[1]

Plaintiff began working for the Internal Revenue Service ("IRS") on January 16, 1984,

---

[1] This summary is based both on the allegations contained in the Complaint and information obtained from the attachments to the Complaint (ECF No. 1), all viewed in the light most favorable to Plaintiff.

and first enrolled in a health insurance plan under the Federal Employees Health Benefits Program ("FEHBP") when she became eligible to enroll on April 17, 1984. Plaintiff continued working for the IRS until she retired approximately 34 years later. She maintained her FEHB coverage for the entire 34 years, and thus had continuous FEHBP coverage for herself for the 5 years immediately prior to her retirement.

After Plaintiff retired, she was notified by Defendant that she is not entitled to continue her FEHBP coverage into retirement. This denial of benefits is based on Defendant's determination that Plaintiff was not continuously enrolled in an FEHBP plan for the 5 years immediately prior to retirement. Plaintiff has filed this action to appeal Defendant's denial of FEHBP coverage into retirement.

## III. EVALUATION OF PLAINTIFF'S COMPLAINT

Defendant administers the FEHBP and is charged with determining coverage under the FEHBP in accordance with applicable laws. *See* 5 U.S.C. § 8901 *et seq.*

A federal employee who retires as an "annuitant"[2] may be entitled to continue their health insurance coverage into retirement. Specifically,

> An annuitant who at the time he becomes an annuitant was enrolled in a health benefits plan under this chapter--
>
> (1) as an employee for a period of not less than--
>
> (A) the 5 years of service immediately before retirement;
>
> (B) the full period or periods of service between the last day of the first period, as prescribed by

---

[2] An "annuitant" is defined, in relevant part, as an employee who retires

  (i) on an immediate annuity under subchapter III of chapter 83 of this title, or another retirement system for employees of the Government, after 5 or more years of service;

  (ii) under section 8412 or 8414 of this title;

  (iii) for disability under subchapter III of chapter 83 of this title, chapter 84 of this title, or another retirement system for employees of the Government; or

  (iv) on an immediate annuity under a retirement system established for employees described in section 2105(c), in the case of an individual who elected under section 8347(q)(2) or 8461(n)(2) to remain subject to such a system;

5 U.S.C. § 8901(3)(A). For purposes of screening, the Court assumes Plaintiff qualifies as an "annuitant."

3

> > regulations of the Office of Personnel Management, in which he is eligible to enroll in the plan and the date on which he becomes an annuitant; or
>
> > (C) the full period or periods of service beginning with the enrollment which became effective before January 1, 1965, and ending with the date on which he becomes an annuitant;
>
> > whichever is shortest; or
>
> > (2) as a member of the family of an employee or annuitant;
>
> may continue his enrollment under the conditions of eligibility prescribed by regulations of the Office. The Office may, in its sole discretion, waive the requirements of this subsection in the case of an individual who fails to satisfy such requirements if the Office determines that, due to exceptional circumstances, it would be against equity and good conscience not to allow such individual to be enrolled as an annuitant in a health benefits plan under this chapter.

5 U.S.C. § 8905(b).

Viewing Plaintiff's allegations in the light most favorable to Plaintiff, and for purposes of screening only, the Court finds that Plaintiff has stated a cognizable claim against Defendants for the improper denial of eligibility to health insurance coverage into retirement. Specifically, Plaintiff alleges that she has maintained her FEHBP coverage from the time that she first became eligible for coverage to the date that she retired, including the 5 years immediately prior to her retirement, and that she is therefore entitled to continue her FEHBP insurance coverage into retirement.

## IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's Complaint (ECF No. 1) and finds that it states a cognizable claim against Defendant U.S. Office of Personnel Management for improper denial of eligibility for FEHBP insurance coverage into retirement. As this is the only claim Plaintiff brought in the Complaint, the Court will authorize service of the Complaint on Defendant. Accordingly,

IT IS ORDERED that:

1. Service of the Complaint (ECF No. 1) is appropriate for the following defendant:

   **a. U.S. Office of Personnel Management**;

2. The Clerk of Court shall SEND Plaintiff three (3) USM-285 forms, three (3) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Complaint filed on October 15, 2019 (ECF No. 1);

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. A completed summons form for the U.S. Office of Personnel Management, *see* Fed. R. Civ. P. 4(i)(2);

    b. A completed USM-285 form for the U.S. Office of Personnel Management;

    c. Two completed summons forms for the United States of America (one for the civil-process clerk at the United States attorney's office and one for the Attorney General of the United States at Washington, D.C.), *see* Fed. R. Civ. P. 4(i)(1)(A)(ii) & (B) and 4(i)(2);

    d. Two completed USM-285 forms for the United States of America; and

    e. Four (4) copies of the endorsed Complaint filed on October 15, 2019 (ECF No. 1);

4. Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **January 30, 2020**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE